UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ANTHONY GEORGE HEREFORD, JR., ) | |
| Institutional ID No. 1523411, ) | |
| SID No. 6135781, ) | |
| Previous TDCJ No. 1281137, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 5:09-CV-109-BG |
| TONY WILLIAMS, ) | ECF |
| Certified Peace Officer, ) | |
| Lubbock Police Department, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **REPORT and RECOMMENDATION**

*Pro se* plaintiff Anthony George Hereford, Jr., proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on May 18, 2009. Hereford is currently incarcerated by the Texas Department of Criminal Justice. In his complaint Hereford alleges that Officers Tony Williams, Jim Holmes, Rusty Arp, and Felipe Flores of the Lubbock Police Department; Justin Tidwell, M.D.; and Nurse Jerry Sims used excessive force and illegally searched him in violation of the Fourth Amendment. Hereford further alleges that they committed the Texas common-law tort of assault and battery. Hereford also alleges that Chief Dale Holton of the Lubbock Police Department failed to adequately train the officers on the use of force.

The United States District Court transferred this action to the United States Magistrate Judge for further proceedings on July 15, 2009. The transfer order directed the Magistrate Judge to transfer the action back to the docket of the District Court and file proposed findings of fact, conclusions of law, and recommendations for the disposition of the case in the event that the Plaintiff or any of the Defendants did not consent to proceed before the Magistrate Judge.

On September 15, 2009, the Magistrate Judge conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), and offered Plaintiff the opportunity to consent to the Magistrate Judge exercising the jurisdiction of the District Court. Plaintiff declined to consent to the court's jurisdiction.

The undersigned has disposed of all non-dispositive issues. Pursuant to the Order entered on July 15, 2009, the undersigned files this Report and Recommendation with findings of fact, conclusions of law, and recommendation for the disposition of this case.

**I.      HEREFORD'S COMPLAINT AND BACKGROUND INFORMATION**

Hereford alleges that on May 26, 2007, Williams detained him because there was a warrant for his arrest. Hereford asserts that Williams placed him in the back of the patrol unit and then searched his car, and during the search Flores and Holmes arrived at the scene in a K-9 patrol unit. Hereford states that the officers then used the K-9 to search his car. Hereford claims that after they searched the car, it was loaded onto a tow truck, and Flores and Holmes left in the K-9 unit. Hereford contends that Williams began driving and asked him a question, and when he did not respond, Williams stopped the car, exited it, opened the back door, and asked Hereford to open his mouth.

Hereford asserts that when he did not open his mouth Williams began choking him with both his hands. Hereford alleges that Williams then punched him in the jaw twice, pausing between punches to tell him to open his mouth. Hereford claims that Holmes approached the car and began tugging on his shirt. Hereford contends that Williams told him to exit the car, but he could not move in the small area, and that Williams was pulling on his left arm while Holmes was pulling on his right arm in the opposite direction which made the handcuffs on his wrists extremely tight. Hereford

2

asserts that Williams stopped pulling his arm and tasered his left outer thigh, the officers then pulled him out of the car onto the ground, and Holmes tasered the upper right side of his back. Hereford states that the officers took him to the hospital when he continued to refuse to open his mouth.

Hereford alleges that at the hospital the nurses tried to insert plastic tools into his mouth and they placed ammonia capsules under his nose, and that they told the officers that he was not letting them "do anything." Hereford states that Arp met the other officers at the hospital and told him to open his mouth, and when he refused, Arp tasered him twice. Hereford asserts that Arp then tasered him five times in the groin area, waiting two seconds in between each tasering.

Hereford contends that Dr. Tidwell approached him and asked him to sign a piece of paper so they could help him, but Hereford refused to sign. Hereford states that when he shook his head to signal "no," Arp immediately tasered him in the groin area. Hereford says he then signed the paper because he was afraid of being tasered again. Hereford alleges that Williams then told him to open his mouth, and when he refused, Williams tasered him in the neck and then Holmes tasered him in the upper right area of the back. Hereford says at that point he spat out a controlled substance into a plastic bag. Subsequent testing determined that the substance was 7.1 grams of crack cocaine.

On May 14, 2009, the 140th District Court of Lubbock County entered a judgment against Hereford for possession with intent to deliver a controlled substance. Hereford was sentenced to 50 years' imprisonment. On December 30, 2009, the Court of Appeals for the Seventh District of Texas held that the State failed to prove that use of force was reasonable, reversed the conviction, and remanded the case. On March 26, 2010, the State filed a petition for discretionary review in the Texas Court of Criminal Appeals. The Texas Court of Criminal Appeals has not ruled on the petition for review.

## II.   SCREENING

Because Hereford was permitted to proceed *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which requires dismissal of an action brought *in forma pauperis* if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. The court may dismiss such complaints based upon the plaintiff's allegations, testimony obtained at a *Spears* hearing, and upon authenticated prison records. *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (acknowledging that dismissals may be based on adequately identified or authenticated records).

An action should be dismissed for failure to state a claim if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, __ U.S. at __, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2))). "Moreover, the complaint must allege 'more than labels and conclusions,' 'a formulaic recitation of the elements of a cause of action will not do,' and 'factual allegations must be enough to raise a right to relief above the speculative level.'" *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

An action is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). An action lacks an arguable basis in law if it is based on an "undisputably meritless legal theory" and lacks an arguable basis in fact "if the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

### III. DISCUSSION

Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

#### A. State Actor

A threshold inquiry in a § 1983 action is whether the defendant was a state actor. *Yeagor v. City of McGregor*, 980 F.2d 337, 339 (5th Cir. 1993). Non-state actors may not be found liable under § 1983 unless they have engaged in a conspiracy with state actors to violate the plaintiff's constitutional rights. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir.1994). "To make

5

such a claim actionable, the private and the public actors must have entered into an agreement to commit an illegal act, and a plaintiff's constitutional rights must have been violated." *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008). A plaintiff must "allege specific facts to show an agreement." *Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004).

Defendants Williams, Holmes, Arp, Flores, and Holton were all state actors because they are police officers. As for Dr. Tidwell and Nurse Sims, Hereford has not alleged that they are public employees or that they were engaged in a conspiracy with the police officers. Thus, the § 1983 claims against Dr. Tidwell and Sims should be dismissed for failure to state a claim. *Yeagor*, 980 F.2d at 339; *Cinel*, 15 F.3d at 1343.

**B.**     ***Heck v. Humphrey* Considerations**

In *Heck v. Humphrey*, the Supreme Court held that no cause of action exists under § 1983 that would "necessarily imply the invalidity of [a plaintiff's] conviction or sentence" unless he proves that the conviction or sentence has already been invalidated. 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Court also noted that, "if a state criminal defendant brings a federal civil rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings." *Id.* at 487 n.8 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Moreover, federal courts have been authorized to stay civil rights claims attacking the legality of an arrest, prosecution, and detention until such time as the state criminal case has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S.Ct. 1091, 1098, 166 L.Ed.2d 973 (2007). Because Hereford's claims against Williams, Holmes, Arp, Flores, and Holton would implicate the validity of his conviction and the state court criminal proceedings have not

concluded, the district court should stay this case until the state court criminal proceedings have concluded. *Id.*

### C. Common-law Tort Claims against Dr. Tidwell and Nurse Sims

To the extent that Hereford attempts to raise a Texas common-law claim for assault and battery against Dr. Tidwell and Nurse Sims, the District Court should decline to exercise supplemental jurisdiction because the federal claims against them should be dismissed. *St. Germain v. Howard*, 556 F.3d 261, 263-264 (5th Cir. 2009) (citing 28 U.S.C. § 1367(c)).

## IV. RECOMMENDATION

For the foregoing reasons, the § 1983 claims against Dr. Tidwell and Nurse Sims should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and the Texas common-law tort claims against them- should be dismissed without prejudice. Plaintiff's claims against Williams, Holmes, Arp, Flores, and Holton should be stayed until the state court criminal proceedings have concluded.

## V. RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by

the district court, except upon grounds of plain error. *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    **SO ORDERED.**

    Dated:    May 14, 2010.

                                    NANCY M. KOENIG
                                    United States Magistrate Judge