IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ANTHONY GEORGE HEREFORD, JR., | ) | |
| Institutional ID No. 1523411, | ) | |
| SID No. 6135781, | ) | |
| Previous TDCJ No. 1281137, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 5:09-CV-109-C |
| TONY WILLIAMS, | ) | |
| Certified Police Officer, *et al.*, | ) | ECF |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, acting *pro se*,[1] and proceeding *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on May 18, 2009, against Defendants, Tony Williams, Jim Holmes, Rusty Arp, Felipe Flores, and Chief Dale Holton, all of the Lubbock Police Department, and Justin Tidwell, M.D., and Nurse Jerry Sims.[2] Plaintiff alleges that he was subjected to an excessive use of force during an allegedly illegal search when he was arrested on May 26, 2007. Plaintiff further alleges that Defendants Tidwell and Sims committed the Texas common-law tort of assault and battery and that Defendant Holton failed to adequately train the officers on the use of force. Plaintiff seeks the following relief: declaratory and injunctive relief; compensatory

---

[1]The Court notes that Plaintiff is no longer proceeding *pro se*, pursuant to the Notice of Appearance of Counsel for Plaintiff Anthony George Hereford filed on June 9, 2010 by Robert S. Hogan and Victor Rodriguez.

[2]In his original complaint, Plaintiff identified Felipe Flores as "John Doe" and did not specifically identify Justin Tidwell or Jerry Sims; Plaintiff provided their names in his Motion for Leave to Amend Complaint filed on July 6, 2009, which was granted by Order entered July 14, 2009.

damages in the amount of $2,000,000.00 jointly and severally against Defendants Williams, Holmes, Arp, Flores, and Holton for physical and emotional injuries; $60,000.00 jointly and severally against Defendants Williams, Holmes, Arp, Flores, and Holton for mental anguish; punitive damages in the amount of $40,000.00; and such other relief to which it may appear Plaintiff is entitled.

The complaint was transferred to the docket of the United States Magistrate Judge, who held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), on September 15, 2009. Plaintiff did not consent to proceed before the United States Magistrate Judge, and pursuant to this Court's Order entered on July 15, 2009, the Magistrate Judge entered a Report and Recommendation concerning the Plaintiff's complaints and transferred the case back to this Court. Defendants Williams, Arp, Flores, and Holmes filed their objections to the Court's finding on May 28, 2010. Defendant Holton and the Lubbock Police Department filed objections to the Report and Recommendation, together with a brief and appendix in support, on May 28, 2010.³ Plaintiff filed a Statement Concerning Magistrate's Recommendations on June 14, 2010, adopting the recommendations of the Magistrate Judge and expressing no objection to the recommendation to dismiss the claims against Defendants Tidwell and Sims. Plaintiff did not file a response to the Defendants' objections.

At the *Spears* hearing, Plaintiff testified under oath, and that testimony is made a part of Plaintiff's complaint. *See Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996) (testimony from a

---

³The Court notes that the Lubbock Police Department was not named as a Defendant in this case; rather "Lubbock Police Department" was included in the caption of this case on prior Orders by way of describing the police department wherein Defendant Tony Williams was a Certified Peace Officer.

*Spears* hearing becomes part of the complaint.). This Court has made an independent examination of the record in this case, including the Plaintiff's complaint, his amended complaint, the testimony given by Plaintiff at the *Spears* hearing, and properly authenticated records pertaining to Plaintiff which were provided by the City of Lubbock pursuant to Court orders. The Court has also examined the findings, conclusions, and recommendation of the Magistrate Judge and Defendants' objections thereto, as well as Plaintiff's response to the Report and Recommendation.

The Court finds that the Magistrate Judge's findings, conclusions, and recommendation should be accepted in part and rejected in part and that Defendants' objections to the Report and Recommendation should be overruled.

The Court ACCEPTS and ADOPTS the Magistrate Judge's recommendations as set forth in her Report and Recommendation as to Plaintiff's claims against Defendants Justin Tidwell, M.D., and Nurse Jerry Sims and finds that Plaintiff's complaint and all claims alleged therein as to Defendants Justin Tidwell, M.D., and Nurse Jerry Sims should be DISMISSED WITH PREJUDICE for failure to state a claim.

The Court also ACCEPTS and ADOPTS the Magistrate Judge's recommendation that the District Court should decline to exercise supplemental jurisdiction over Plaintiff's Texas common-law claim for assault and battery against Defendants Tidwell and Sims because the federal claims against them have been dismissed.

The Court REJECTS the Magistrate Judge's recommendation as to Plaintiff's claims against Defendants Williams, Arp, Flores, Holmes, and Holton, and makes the following findings:

The Magistrate Judge found that because Plaintiff's claims against Williams, Holmes, Arp, Flores and Holton would implicate the validity of his conviction and the state court criminal proceedings have not concluded, the District Court should stay this case until the state court criminal proceedings have concluded.

In order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the validity of the conviction or sentence has been called into question or that the conviction and sentence has been reversed or otherwise set aside. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If a favorable judgment on an illegal search claim would necessarily imply the invalidity of the plaintiff's conviction, his 42 U.S.C. § 1983 claims must be dismissed pursuant to *Heck*. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995). The court need not hold proceedings in abeyance because the statute of limitations does not begin to run until the conviction is invalidated. *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

Although the Court agrees with the Magistrate Judge's conclusion that such claims would implicate the validity of Plaintiff's conviction, the "district court has broad discretion in controlling its own docket." *Edwards v. Cass County, Tex.*, 919 F.2d 273, 275 (5th Cir. 1990). Consequently, the Court declines to stay the civil rights claim until such time as the state criminal case is concluded.

The Court finds that Plaintiff's claims that Defendants Williams, Holmes, Arp, and Flores used excessive force and illegally searched him in violation of the Fourth Amendment, and his claims that Defendant Holton failed to adequately train the officers on the use of force, are premature and should be DISMISSED WITH PREJUDICE until the state court criminal

4

proceedings are concluded and he can demonstrate that he has complied with the conditions of *Heck v. Humphrey,* 512 U.S. 477 (1994).

It is, therefore, ORDERED:

(1) Plaintiff's claims against Defendants Justin Tidwell, M.D., and Nurse Jerry Sims are DISMISSED WITH PREJUDICE.

(2) Plaintiff's state law claims against Defendants Justin Tidwell, M.D., and Nurse Jerry Sims are DISMISSED WITHOUT PREJUDICE.

(3) Plaintiff's claims against Defendants Tony Williams, Jim Holmes, Rusty Arp, Felipe Flores, and Dale Holton are DISMISSED WITH PREJUDICE until the state court criminal proceedings are concluded and he can demonstrate that he has complied with the conditions of *Heck v. Humphrey,* 512 U.S. 477 (1994).

(4) A copy of this order shall be sent by first class mail to Plaintiff at his last known address and to any attorney of record by first class mail or electronic notification.

(5) Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $455.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

**SO ORDERED.**

Judgment shall be entered accordingly.

Dated October 15, 2010.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE